UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> BARRY DOUGLAS STEAD, <br><br> Defendant. | 3:95-CR-30098-CBK <br><br><br> OPINION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE |

## INTRODUCTION

Defendant was convicted by a jury of second-degree murder, assault of a federal officer, use of a firearm during and in relation to a crime of violence, and felon in possession of a firearm. He was sentenced on July 24, 1996, to a total sentence of 420 months imprisonment. He appealed his convictions and sentences and the United States Court of Appeals for the Eighth Circuit affirmed in a *per curium* opinion. United States v. Stead, 107 F.3d 876, 1997 WL 94703 (8th Cir. 1997). Defendant's motion to vacate, set aside, or correct his convictions and sentences was denied. United States v. Stead, 67 F.Supp.2d 1064 (D.S.D. 1999).

Defendant has filed a second motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He contends that he qualifies for compassionate release because he has been diagnosed with a terminal illness, prostate cancer, which, together with his age and deteriorating health, diminishes his ability to provide self-care, and that extraordinary and compelling reasons exist warranting his release. The Public Defender has filed a notice of intent not to supplement the motion. The government objects to the motion.

Defendant is currently imprisoned at FCI Pekin. The Bureau of Prisons ("BOP") has calculated his current release date as May 6, 2027. https://www.bop.gov/inmateloc/ visited February 5, 2024. Defendant has served a little over 28 years of his sentence.

## DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion for the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Effective November 1, 2006, the United States Sentencing Commission adopted Guidelines § 1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). Defendant contends that he submitted a request to the warden of USP Lompoc after his cancer diagnosis but received no response. The government contends that defendant has failed to exhaust his administrative remedies. The Court has received only defendant's medical records and disciplinary records. No inmate requests to staff were provided.

Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act." Defendant's second motion for compassionate release was filed prior to the effective date of amended § 1B1.13 but this Court will apply the amendments based upon the claims made in defendant's motion.

2

Guidelines § 1B1.13(a) provides, *inter alia* that the Court may reduce a term of imprisonment if (1) extraordinary and compelling reasons warrant the reduction and (2) the defendant is not a danger to the safety of any other person or the community. Guidelines § 1B1.13(b) sets forth the circumstances warranting compassionate release. As applicable to this defendant, the amended guideline authorizes release when:

(1)     Medical Circumstances of the Defendant.—

    (A)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (B)     The defendant is—

        (i)     suffering from a serious physical or medical condition,

        (ii)     suffering from a serious functional or cognitive impairment, or

        (iii)     experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Defendant does not qualify for compassionate release under either of the foregoing medical circumstances.

Defendant was diagnosed with prostatic adenocarcinoma following a March 30, 2022, biopsy. A urologist at a private clinic in Lompac, California, determined that, at that time, defendant's cancer was a chronic but stable problem, rating defendant's conditions as "low risk prostate cancer . . . grade group 1." Medical providers at USP Lompac were advised to follow up in six months. Defendant was seen by medical providers at USP Lompac following his cancer diagnosis for other health matters but no treatment was recommended for prostate cancer.

Defendant was again seen by his urologist in September 2022, who ordered a review MRI and PSA blood test. There is no record of an MRI being performed while he was housed at USP Lompac, although a doctor at USP Lompac noted that an MRI was ordered and was pending scheduling.

Defendant was scheduled to be transferred from USP Lompac to FCI Oxford on December 12, 2022, and was seen in health services prior to transfer. He was seen in health services at FCI Victorville in Victorville, California, on December 21, 2022, pending another transfer. He was seen in health services at the Federal Transfer Center in Oklahoma on December 22, 2022. On December 30, 2022, defendant was seen at health services at MCC Chicago. He was again seen at MCC Chicago on January 9, 2023, pending transfer to FCI Pekin, in Pekin, Illinois, where he currently resides. Once defendant arrived at FCI Pekin, health services there took over his care. It was noted that he was suffering from prostate cancer, hyperlipidemia, major depressive disorder, secondary hypertension, and Type 2 diabetes. It was noted that defendant had no definitive treatment for prostate cancer, other than required follow-up.

Defendant was seen at a private urology clinic in Pekin, Illinois, on May 30, 2023, and a TRUS (transrectal ultrasound) with biopsy was ordered. Thereafter, the private urology clinic advised health services at FCI Pekin that "everything was benign and there is no reason for him to have a follow up appointment." Defendant filed his second motion for compassionate release three weeks later.

Defendant is not suffering from "a serious and advanced illness with an end-of-life trajectory" as required by the guideline authorizing compassionate release. There is no evidence in his medical records that defendant even received treatment for his cancer, other than routine PSA (prostate-specific antigen) blood tests and yearly exams. Defendant is further not suffering from "a serious physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care" at a BOP facility. All defendant's other medical conditions are being managed by medication and routine visits to health services and do not seem to require specialized care.

4

In addition, defendant contends that he is entitled to compassionate release because he is a changed man since he committed his crime and has acquired the tools and desire to be a productive member of society. Guidelines § 1B1.13(d) specifically states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."

Even if I found that defendant qualified under USSG § 1B1.13 for compassionate release, I would not order defendant's release. The sentencing factors set forth in 18 U.S.C. § 3553(a) do not warrant an early release. I previously set forth the defendant's offense conduct and violent criminal history when I denied the first motion for compassionate release. United States v. Stead, 2021 WL 363843 (D.S.D. 2021). Based upon such conduct, defendant's career offender status, and the extensive misconduct while in prison resulting in the loss of nearly two years good conduct time, I held that:

> Even if extraordinary and compelling reasons warranted a reduction in sentence, defendant would not be entitled to compassionate release because he is a danger to the community. 18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

*Id.* Defendant has, since his last motion, lost an additional 54 days of good conduct time, as well as having been sentenced to disciplinary segregation and the loss of other privileges for possession of narcotics (in 2021) and destruction of property (in 2022).

The record reflects that defendant has not entirely wasted his time while in BOP custody. He obtained his GED in 1997 and has completed many educational courses since that time. He was rated a medium security risk when he first moved for compassionate release and there is no record that he has been reclassified. In March 2023, he was rated a medium recidivism risk. He is currently housed at a medium security federal correctional institution. While the foregoing is promising evidence that defendant

5

may do well on supervised release, he has not shown that he is entitled to release either under USSG § 1B1.13 or 18 U.S.C. § 3553.

## ORDER

I find that defendant is not entitled to compassionate release.  Accordingly,

IT IS ORDERED that defendant's motion, Doc. 97, for compassionate release is denied.

DATED this _____9th___ day of February, 2023.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6