UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BARRY DOUGLAS STEAD,<br><br>Defendant. | 3:95-CR-30098-CBK<br><br>OPINION AND ORDER ON THIRD MOTION FOR COMPASSIONATE RELEASE |

**INTRODUCTION**

Defendant was convicted by a jury of second-degree murder, assault of a federal officer, use of a firearm during and in relation to a crime of violence, and felon in possession of a firearm. He was sentenced on July 24, 1996, to a total sentence of 420 months imprisonment consisting of 360 months for murder, 21 months for assault of a federal officer, 140 months for felon in possession of a firearm, all to be served concurrently, and a 60 month consecutive sentence for use of a firearm during and in relation to a crime of violence. He appealed his convictions and sentences and the United States Court of Appeals for the Eighth Circuit affirmed in a *per curium* opinion. United States v. Stead, 107 F.3d 876, 1997 WL 94703 (8th Cir. 1997). Defendant's motion to vacate, set aside, or correct his convictions and sentences was denied. United States v. Stead, 67 F.Supp.2d 1064 (D.S.D. 1999).

Defendant has filed a third motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Defendant's first motion for compassionate release was based upon his medical conditions, including obesity and Type 2 diabetes, and the COVID 19 public health emergency. His first motion for compassionate release was denied February 3, 2021. United States v. Stead, 2021 WL 363843 (D.S.D. 2021). Defendant's second motion for compassionate release was based upon his claimed terminal illness - prostate

cancer, age, deteriorating health, diminished ability to provide self-care, and extraordinary and compelling reasons. Defendant's second motion for compassionate release was denied February 14, 2024. United States v. Stead, 2024 WL 619736 (D.S.D. 2024).

Defendant contends in his third petition that he qualifies for compassionate release because his prostate cancer has not been treated or removed, his father has become incapacitated and defendant is the only available caregiver, he has been subject to physical abuse in prison, an unnamed circumstance or combination thereof of similar gravity warranting compassionate release, and his claimed unusually long sentence compared to more current sentences for his crimes. The Public Defender has filed a notice of intent not to supplement the motion. The government objects to the motion.

Defendant is currently imprisoned at a Residential Reentry Management (RMM) facility in Minneapolis, Minnesota.. The Bureau of Prisons ("BOP") has calculated his current release date as June 2, 2027. https://www.bop.gov/inmateloc/ visited August 3, 2026. Defendant has served at least 30 years of his total sentence. He is 57 years of age.

### DECISION

The Sentencing Reform Act of 1984, Pub. L. 98-473, Title II, § 212, authorized, *inter alia*, the district court, upon motion for the Director of the BOP, to reduce a prison term after considering the factors set forth in 18 U.S.C. § 3553(a), "if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Effective November 1, 2006, the United States Sentencing Commission adopted Guidelines § 1B1.13, the policy statement on reduction of a term of imprisonment pursuant to § 3582(c)(1)(A). These provisions are known as the compassionate release provisions of the federal criminal code and the Federal Sentencing Guidelines.

Pursuant to the First Step Act of 2018, the district court is now authorized to grant compassionate release upon motion of a defendant after the exhaustion of administrative remedies. Pub. L. 115-391, § 603(b), 18 U.S.C. § 3582(c)(1)(A). The government concedes that defendant has exhausted his administrative remedies.

2

Effective November 1, 2023, the United States Sentencing Commission amended § 1B1.13, Amendment 814, to respond to the amendments to the First Step Act of 2018, commanding the Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." Amendment 814 "expands the list of specified extraordinary and compelling reasons that can warrant sentence reductions; retains the existing 'other reasons' catchall; provides specific guidance with regard to the permissible consideration of changes in the law; and responds to case law that developed after the enactment of the First Step Act."

Guidelines § 1B1.13(a) provides, *inter alia* that the Court may reduce a term of imprisonment if (1) extraordinary and compelling reasons warrant the reduction and (2) the defendant is not a danger to the safety of any other person or the community. Guidelines § 1B1.13(b) sets forth the circumstances warranting compassionate release. As applicable to this defendant, the amended guideline authorizes release when:

(1)    Medical Circumstances of the Defendant.—

    (A)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (B)    The defendant is—

        (i)    suffering from a serious physical or medical condition,

        (ii)    suffering from a serious functional or cognitive impairment, or

        (iii)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C)    The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

\* \* \*

(3)    Family Circumstances of the Defendant.

\* \* \*

(C)    The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

\* \* \*

(4)    Victim of Abuse.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

\* \* \*

(B)    physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

\* \* \*

(6)    Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendant does not qualify for compassionate release under any of the foregoing circumstances.

4

As set forth in defendant's prior motion, defendant was diagnosed with prostatic adenocarcinoma following a March 30, 2022, biopsy. A urologist at a private clinic in Lompac, California, determined that, at that time, defendant's cancer was a chronic but stable problem, rating defendant's conditions as "low risk prostate cancer . . . grade group 1." I detailed in my previous order the ongoing medical treatment received by defendant for prostate cancer. I determined that there was no evidence that defendant was suffering from "a serious physical or medical condition" or "experiencing deteriorating physical or mental health because of the aging process" which "substantially diminishes the ability of the defendant to provide self-care" at a BOP facility. I found that all defendant's other medical conditions were being managed by medication and routine visits to health services and do not seem to require specialized care.

After a review of more current medical records, I find that defendant does not qualify for compassionate release based upon his medical condition. Defendant has not established the prerequisites for compassionate release based upon his father's circumstances or based upon a claimed assault. Finally, defendant does not qualify for compassionate release based upon the sentences imposed. There has been no change in the law or the guidelines affecting the length of his sentences based upon the circumstances of the offenses and the defendant's characteristics.

As I previously ruled, even if I found that defendant qualified under USSG § 1B1.13 for compassionate release, I would not order defendant's release. The sentencing factors set forth in 18 U.S.C. § 3553(a) do not warrant an early release. I previously set forth the defendant's offense conduct and violent criminal history when I denied the first motion for compassionate release. United States v. Stead, 2021 WL 363843 (D.S.D. 2021). Based upon such conduct, defendant's career offender status, and the extensive misconduct while in prison resulting in the loss of nearly two years good conduct time, I held that:

> Even if extraordinary and compelling reasons warranted a reduction in
> sentence, defendant would not be entitled to compassionate release because

5

he is a danger to the community.  18 U.S.C. § 3582(c)(1)(A), U.S.S.G. § 1B1.13.

*Id.*  Defendant has not shown that he is entitled to release either under USSG § 1B1.13 or 18 U.S.C. § 3553.

## ORDER

I find that defendant is not entitled to compassionate release.  Accordingly,

IT IS ORDERED that defendant's motion, Doc. 103, for compassionate release is denied.

IT IS FURTHER ORDERED that the Clerk of Courts shall update defendant's address to reflect his placement at RRM Minneapolis.

DATED this 4th day of August, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

6